United States District Court
For the Northern District of California

*E-Filed 11/3/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| GARY BERNARD MOORE, | No. C 09-1634 RS (PR) |
| Petitioner, | **SUPPLEMENTAL ORDER TO SHOW CAUSE** |
| v. | |
| ANTHONY HEDGPETH, Warden, | |
| Respondent. | |

## INTRODUCTION

Petitioner Gary Bernard Moore, a state prisoner at Kern Valley State Prison, filed this *pro se* action for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His original petition contained claims relating to his sentence. The Court issued an order to show cause as to those claims, to which respondent has filed an answer and petitioner a traverse. Those claims are deemed submitted, and therefore will require no further briefing. Petitioner has filed a supplemental petition, which the Court construes as amending his original petition to add claims relating to the conviction itself. His supplemental petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

According to the petition, petitioner, in 2006, was found guilty of burglary, and was sentenced to twenty-nine years in state prison. Petitioner sought, and was denied, relief on direct and collateral state review. This federal petition followed.

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As additional grounds for federal habeas relief, petitioner alleges that (1) the trial court violated his right to due process by denying his motion for a new trial; (2) there was prosecutorial misconduct; (3) the trial court violated his right to due process by not *sua sponte* instructing the jury on a lesser-included offense; (4) the trial court denied his rights under the Sixth Amendment by denying his motion to change counsel; (5) the trial court violated his right to self-representation; (6) defense counsel rendered ineffective assistance by failing to move to recuse the trial judge; (7) the information was defective; (8) he was denied counsel at his preliminary hearing; (9) the prosecutor presented false evidence; (10) he was denied his right to a speedy trial; (11) the trial court failed to obtain a jury poll as to what degree of burglary petitioner was convicted of; (12) he received ineffective assistance of appellate counsel; (13) the trial judge committed constitutional error when she ordered that the recusal motion by petitioner be stricken; and (14) the trial court imposed an upper term sentence in violation of petitioner's right to a jury trial and due process. Liberally

construed, these claims appear to be cognizable in a federal habeas action.

## MOTIONS

Petitioner's motion that the petition be considered in two parts (Docket No. 30) is DENIED as unnecessary. Petitioner's motion for the appointment of counsel (Docket No. 29) is also DENIED. There is no right to counsel in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court, *see Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), and should be granted only when exceptional circumstances are present. *See* generally 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b at 383–86 (2d ed. 1994). Petitioner has not shown that there are exceptional circumstances warranting appointment of counsel.

## CONCLUSION

1. The Clerk shall serve by certified mail a copy of this order, the petition and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California. The Clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within **thirty (30)** days of the date the

answer is filed.

4. In lieu of an answer, respondent may file, within **ninety (90)** days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

8. Petitioner's motion that the petition be considered in two parts (Docket No. 30) is DENIED as unnecessary. Petitioner's motion for the appointment of counsel (Docket No. 29) is also DENIED. This order terminates Docket Nos. 29 & 30.

**IT IS SO ORDERED**.

DATED: November 3, 2010

RICHARD SEEBORG
United States District Judge