*E-Filed 5/16/12*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

GARY BERNARD MOORE,

        Petitioner,

    v.

ANTHONY HEDGPETH, Warden,

        Respondent.

_____/

No. C 09-1634 RS (PR)

**ORDER DENYING PETITION FOR
WRIT OF HABEAS CORPUS**

## INTRODUCTION

This is a federal habeas corpus action filed by a *pro se* state prisoner pursuant to 28 U.S.C. § 2254.  For the reasons stated herein, the petition is DENIED.

## BACKGROUND

In 2005, a Contra Costa County Superior Court jury found petitioner guilty of first degree residential burglary and found true allegations that petitioner had prior strike convictions, had committed prior serious felonies, and had served two prior prison terms.  In 2006, consequent to the verdicts, the trial court sentenced petitioner to a total term of 29 years in state prison.  Petitioner sought, but was denied, relief on state judicial review.  This federal habeas petition followed.

**United States District Court**
For the Northern District of California

Evidence presented at trial shows petitioner broke into the house of the Eguizabal family in Richmond, California in the early morning hours of October 16, 2002, apparently with the intention of stealing property.  The family members managed to subdue petitioner, who was arrested at the scene.

As grounds for federal habeas relief, petitioner claims:  (1) the trial court violated his right to due process when it imposed a sentence based on convictions that did not qualify as sentencing enhancements; (2) he was denied his Confrontation Clause rights when he was denied the opportunity to testify and examine witnesses and evidence at his sentencing hearing; (3) his sentence violates the terms of his prior plea agreements; (4) the trial court violated his right to due process by denying his motion for a new trial; (5) there was prosecutorial misconduct; (6) the trial court violated his right to due process by not *sua sponte* instructing the jury on a lesser-included offense; (7) the trial court denied his rights under the Sixth Amendment by denying his motion to change counsel; (8) the trial court violated his right to self-representation; (9) defense counsel rendered ineffective assistance by failing to move to recuse the trial judge; (10) the information was defective; (11) he was denied counsel at his preliminary hearing; (12) the prosecutor presented false evidence; (13) he was denied his right to a speedy trial; (14) the trial court failed to obtain a jury poll on of what degree of burglary petitioner was convicted; (15) he received ineffective assistance of trial and appellate counsel; (16) the trial judge committed constitutional error when she ordered that the recusal motion by petitioner be stricken; and (17) the trial court imposed an upper term sentence in violation of petitioner's right to a jury trial and due process.  Petitioner did not raise claims 4–17 on direct appeal, but he presented them to the state supreme court by way of a habeas petition.

1

**STANDARD OF REVIEW**

2    This Court may entertain a petition for writ of habeas corpus "in behalf of a person in

3   custody pursuant to the judgment of a State court only on the ground that he is in custody in

4   violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

5   The petition may not be granted with respect to any claim that was adjudicated on the merits

6   in state court unless the state court's adjudication of the claim:  "(1) resulted in a decision

7   that was contrary to, or involved an unreasonable application of, clearly established Federal

8   law, as determined by the Supreme Court of the United States; or (2) resulted in a decision

9   that was based on an unreasonable determination of the facts in light of the evidence

10   presented in the State court proceeding." 28 U.S.C. § 2254(d).

11    "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state

12   court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of

13   law or if the state court decides a case differently than [the] Court has on a set of materially

14   indistinguishable facts." *Williams (Terry) v. Taylor*, 529 U.S. 362, 412–13 (2000).  "Under

15   the 'unreasonable application' clause, a federal habeas court may grant the writ if the state

16   court identifies the correct governing legal principle from [the] Court's decisions but

17   unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413.  "[A]

18   federal habeas court may not issue the writ simply because that court concludes in its

19   independent judgment that the relevant state-court decision applied clearly established

20   federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."

21   *Id*. at 411.  A federal habeas court making the "unreasonable application" inquiry should ask

22   whether the state court's application of clearly established federal law was "objectively

23   unreasonable." *Id*. at 409.

24

25

26

27

28

**DISCUSSION**

## I.     Sentence

Petitioner claims the trial court violated his right to due process when it imposed a sentence based on invalid prior convictions.  Petitioner's specific challenges will be addressed individually below.

The jury found petitioner had three prior serious felony convictions:  (1) a residential burglary in 1985; (2) a residential robbery in 1988; and (3) a residential burglary in 1988.  At trial, these three convictions had been charged as serious felony priors *and* as strike priors within the meaning of Three Strikes.[1]  (Ans., Ex. 3, Vol. 3 at 1033.)  The jury also found that petitioner had a prior conviction for aggravated assault in 1995 and a prior conviction for attempted grand theft, after which conviction he did not remain free from prison for five years.  (*Id.*, Ex. 1, Vol. 4 at 993–94.)

At sentencing, the trial court struck two of the three strike priors, imposed a 6-year term for the burglary conviction, and then doubled that term for a total of 12 years.  Then, pursuant to Three Strikes, the court imposed three consecutive 5-year terms for the three serious felony convictions and two consecutive 1-year terms for having served prior prison terms, adding 17 years to the 12 years for the burglary conviction, for a total sentence of 29 years.  (*Id.* at 1013–1014.)

### A.     1985 Burglary Conviction

Petitioner claims the trial court violated his right to due process when it found his 1985 burglary conviction was a residential burglary and therefore a strike.  Petitioner asserts that because the elements of the 1985 charge to which he pleaded guilty did not require the burglary to be of a residence, the 1985 conviction is not a strike under Three Strikes, which requires that for a burglary to count as a strike, it must be of a residence.

---

[1] California's Three Strikes law, which appears in California Penal Code §§ 667(b)–(i), prescribes increased terms of imprisonment for defendants who have previously been convicted of certain "violent" or "serious" felonies, *see* Cal. Pen. Code § 667(d).

1    Petitioner's claim is DENIED.  Whether a prior conviction qualifies as a strike is a

2    question of state sentencing law, *see Miller v. Vasquez*, 868 F.2d 1116, 1118–19 (9th Cir.

3    1989), and a state court's interpretation of state law binds a federal habeas court, *see Bueno*

4    *v. Hallahan*, 988 F.2d 86, 88 (9th Cir. 1993).  Because the state trial court found petitioner's

5    prior conviction qualified as a strike, this Court's inquiry is at an end.

6              **B.    1988 Burglary and Robbery Conviction**s

7    Petitioner claims the trial court's use of his 1988 convictions for burglary and robbery

8    violated his right to due process because (i.) the convictions are constitutionally infirm, and

9    (ii.) the trial court did not try the charges separately as required by California Penal Code

10   § 667.  Each contention is addressed separately below.

11              **i.    Validity of Prior Convictions**

12   Petitioner claims his 1988 convictions are invalid.  Specifically, petitioner contends

13   there was insufficient evidence that at least one of the 1988 convictions was a residential

14   burglary, he was denied a preliminary hearing, he did not understand that a no-contest plea

15   would be considered the equivalent of a plea of guilty, and the information was unlawfully

16   amended to include a robbery charge.

17   Petitioner's claim is without merit as these convictions may be regarded as

18   conclusively valid:

19       [W]e hold that once a state conviction is no longer open to direct or collateral
         attack in its own right because the defendant failed to pursue those remedies
20       while they were available (or because the defendant did so unsuccessfully), the
         conviction may be regarded as conclusively valid. *See Daniels*[ *v. U.S.*, 532
21       U.S. 374, 382 (2001)].  If that conviction is later used to enhance a criminal
         sentence, the defendant generally may not challenge the enhanced sentence
22       through a petition under § 2254 on the ground that the prior conviction was
         unconstitutionally obtained.
23

24   *Lackawanna County District Attorney v. Coss*, 532 U.S. 394, 403–04 (2001).  Petitioner has

25   not shown that any of his prior convictions is still open to direct or collateral attack.

26   Accordingly, the convictions must be presumed valid, and therefore the trial court's use of

27   them cannot have violated petitioner's due process rights.  Petitioner appears to claim also

28

1    that there was insufficient evidence to support the jury's finding that the prior conviction

2    allegations were true.  Petitioner has not pointed to any evidence to support this contention,

3    and a review of the record provides none.  Based on the above reasoning, petitioner's claim

4    is DENIED.

5                    **ii.     Failure to Try Convictions Separately**

6             Petitioner claims, and respondent concedes, that two of the three 5-year serious felony

7    enhancements were not brought and tried separately as required by California Penal Code

8    § 667(a).  While this is an error, petitioner has not shown that the error entitles him to habeas

9    relief.  First, petitioner has not shown that a violation of this state procedural law constitutes

10   a cognizable federal habeas claim.  Second, even if such a claim were cognizable on federal

11   habeas review, petitioner has not shown that he was prejudiced.  Applying *Brecht v.*

12   *Abrahamson*, 507 U.S. 619 (1993), the Court must determine whether "the error had a

13   substantial and injurious effect" on petitioner's sentence.  *Hoffman v. Arave*, 236 F.3d 523,

14   540 (9th Cir. 2001) (internal quotation marks omitted).  Under that standard, the Court must

15   grant relief if it is in "grave doubt" whether a jury would have found the prior conviction

16   allegations true.  *O'Neal v. McAninch*, 513 U.S. 432, 436 (1995).  Grave doubt exists when,

17   "in the judge's mind, the matter is so evenly balanced that he feels himself in virtual

18   equipoise as to the harmlessness of the error."  *Id.* at 435.  In the instant matter, evidence

19   exists in the record to support the jury's findings, and thereby, the trial court's use of those

20   findings.  On such evidence, the Court harbors no "grave doubts" whether a jury would have

21   found the allegations true if they were tried separately.  Accordingly, petitioner's claim is

22   DENIED.

23                    **C.     1-year Enhancements**

24            Petitioner claims that the trial court violated his right to due process when it imposed

25   two 1-year enhancements under California Penal Code § 667(b), the wrong statute, rather

26   than under § 667.5(b), the correct statute.  Petitioner's claim is not supported by the record.

27   The abstract of judgment erroneously states that the two 1-year enhancements were imposed

28

under § 667(b). (Ans., Ex. 3, Vol. 3 at 1073.) The rest of the record, however, indicates petitioner was sentenced under the correct statute, i.e., § 667.5(b). For example, the information charged petitioner under § 667.5(b) (*id.*, Ex. 3, Vol. 1 at 218–19), the jury verdict shows that jurors found the allegations true within the meaning of § 667.5(b) (*id.*, Ex. 3, Vol. 3 at 1031, 1034), and the trial court stated it was sentencing petitioner under § 667.5(b) (*id.*, Ex. 1, Vol. 4 at 1011.) As petitioner's claim lacks a factual basis, it is DENIED.

## II.    Confrontation Clause Rights

Petitioner claims he was denied his Confrontation Clause and due process rights at his sentencing hearing. Specifically, petitioner claims he was denied the right to be present with counsel, an opportunity to be heard, to confront the witnesses and evidence against him, the right to cross-examine, to present evidence, and to testify on his own behalf.

The record does not support petitioner's claims. The transcript of the sentencing proceedings indicates clearly that petitioner was afforded all the rights he describes above — the record even shows petitioner took the stand to testify. (Ans., Ex. 1, Vol. 4 at 976–85.) Having no basis in the record, petitioner's claim is DENIED.

## III.    Prior Plea Agreement

Petitioner claims increasing his sentence based on his prior convictions violated his rights under his plea agreements as to those prior convictions. Petitioner's claim, in truth, is a reiteration of his claims that the prior convictions were invalid because they were either not shown to be residential burglaries or were constitutionally infirm. As this claim is a reiteration of a previously denied claim, it is DENIED.

## IV.    Denial of New Trial Motion

The trial court denied petitioner's *pro se* motion for a new trial because petitioner had no right to present such a motion while he had representation. Petitioner's claim that this denial violated his right to due process and the Sixth Amendment is DENIED. A party has no constitutional right to conduct his case while represented by counsel. *O'Reilly v. New*

1   *York Times Co.*, 692 F.2d 863, 868 (2d Cir. 1982) (citing *United States v. Mitchell*, 137 F.2d

2   1006, 1010 (2d Cir. 1943)).

3   **V.      Alleged Prosecutorial Misconduct**

4          Petitioner claims the prosecutor committed misconduct during closing argument

5   because the prosecutor expressed a personal opinion that misstated the rule of law.  Petitioner

6   refers to his state habeas corpus petition in which he characterized the alleged error as a

7   statement by the prosecutor that, "I don't believe [petitioner] was sodomized by the police

8   and if you don't believe he was sodomized by the police you can't believe nothing he has

9   said."  (Ans., Ex. 7 at 8.)[2]

10         A defendant's due process rights are violated when a prosecutor's comments during

11   closing argument "so infected the trial with unfairness as to make the resulting conviction a

12   denial of due process."  *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (citation and

13   internal quotation omitted).  Under *Darden*, the first issue is whether the prosecutor's

14   remarks were improper; if so, the next question is whether such conduct infected the trial

15   with unfairness.  *Tan v. Runnels*, 413 F.3d 1101, 1112 (9th Cir. 2005).

16         Petitioner's claim fails.  Not only does petitioner misstate the record, the record shows

17   that the remarks were not improper.  Rather, it indicates the prosecutor was not expressing

18   her personal belief of petitioner's credibility, as petitioner suggests, but was asking the jury

19   to make their own credibility determinations:

20              So, I would like you to think about this:  First of all, you are charged with
               finding what is reasonable and what is unreasonable in this case.  I submit to
21              you that [petitioner's] explanation of why he went into this house is
               unreasonable.
22
               I am asking you to base this on . . . the fact that when he gave the story to you,
23              he was not a credible witness.  Did you believe yesterday when he told you that
               he was sodomized at the hospital with a flashlight?  Now, that's the most
24              glaring example that I believe that I heard during the course of this trial.  But
               do you believe that?  You never heard another word about it.  You never heard
25              that he complained about any injuries to the police that day, that he had any

26   _____

27         [2] The prosecutor appears to be referring to petitioner's statement made when he testified
     at trial at Ans., Ex. 1, Vol. 3 at 841.

28

No. C 09-1634 RS (PR)
                                                                    ORDER DENYING PETITION

difficulty sitting down during the course of this lengthy interview that he had with [the police]. Do you believe that that happened to him?
. . . .

Well, within [one] of the duties that you're charged with is judging the credibility of the witnesses. All the witnesses. And, honestly, if you don't believe what he said on the witness stand, how can you believe anything that he said? That is my point.

So, you need to look within yourself, and you need to decide if he was a believable person.

(Ans., Ex. 1, Vol. 3 at 909–10.)

Second, even assuming the prosecutor's remarks were improper, petitioner must show the statements rendered the trial "fundamentally unfair." *Darden*, 477 U.S. at 183. When a curative instruction is issued, a court presumes that the jury has disregarded inadmissible evidence and that no due process violation occurred. *See Greer v. Miller*, 483 U.S. 757, 766 n.8 (1987). Here, immediately after the prosecutor's statements, the trial court properly admonished the jury that "what the attorneys say is not evidence" and that they would receive an appropriate instruction of the law from the court. (Ans., Ex. 1, Vol. 3 at 910.) Because jurors are presumed to follow a court's instructions, *see Richardson v. Marsh*, 481 U.S. 200, 206 (1987), this Court presumes the trial court's instruction eliminated the risk of any impermissible inferences being made from the prosecutor's closing argument. Accordingly, petitioner's claim is DENIED.

## VI.    Lesser-Included Offense

Petitioner claims the trial court violated his right to due process when it failed to give a *sua sponte* instruction on a lesser-included offense. It is clear the failure of a state trial court to instruct on lesser-included offenses in a non-capital case does not present a federal constitutional claim. *See Solis v. Garcia*, 219 F.3d 922, 929 (9th Cir. 2000). However, "the defendant's right to adequate jury instructions on his or her theory of the case might, in some cases, constitute an exception to the general rule." *Id.* at 929 (citation omitted). *Solis* suggests there must be substantial evidence to warrant the instruction on the lesser-included offense. *See id.* at 929–30. Petitioner has made no showing that his theory of the case

1   constituted an exception to the general rule.  Accordingly, petitioner's claim is DENIED.

2   **VII.    Denial of Motion to Change Counsel**

3          Petitioner claims the trial court violated his right to counsel when it failed to hold a

4   hearing on the motion to change counsel that he made at his arraignment.  The relevant facts

5   are as follows.  At the end of the arraignment, petitioner stated he wanted to exercise his

6   "right to freedom of speech."  (Ans., Ex. 3, Vol. 1 at 387.)  After the court instructed him that

7   he could discuss any motions with his attorney, petitioner responded that he wanted to make

8   a "995" motion.[3]  (*Id.* at 388.)  Defense counsel informed petitioner that a 995 motion cannot

9   be filed until after a preliminary hearing, she was not going to be his attorney beyond the

10  arraignment, and another public defender would be appointed to represent him.  (*Id.*)  The

11  hearing ended, and as the bailiff was about to escort petitioner to the holding cell, petitioner

12  said, "I'm going to have a *Marsden* hearing,"[4] to which the bailiff responded, "Let's go."

13  (*Id.* at 389)

14          When a defendant voices a seemingly substantial complaint about counsel, the trial

15  judge should make a thorough inquiry into the reasons for the defendant's dissatisfaction.

16  *King v. Rowland*, 977 F.2d 1354, 1357 (9th Cir. 1992).  Under this standard, petitioner's

17  claim is without merit.  Even if one construes "I'm going to have a *Marsden* hearing" as a

18  request to change counsel, because such request was made after the hearing concluded (*see*

19  Ans., Ex. 3, Vol. 1 at 388–89), petitioner failed to make a proper and timely request.  Also,

20  petitioner has not shown the failure to hold a hearing made any difference as he was to

21  receive new counsel after the arraignment.  On such a record, petitioner's claim is DENIED.

22

23          [3] Under California Penal Code section 995, an indictment or information must be set aside
24  upon a defendant's motion if the trial court finds the defendant has been indicted or committed
    without reasonable or probable cause.  The scope of the motion is limited to errors present in the
25  preliminary hearing record only; it cannot be based upon matters outside the preliminary hearing
    record.  *Currie v. Superior Court*, 230 Cal. App. 3d 83, 90–91 (1991).

26          [4] *People v. Marsden*, 2 Cal. 3d 118 (1970), requires a trial court to permit a criminal
27  defendant requesting substitution of counsel to specify the reasons for his request and generally
    to hold a hearing.

28

                                                              No. C 09-1634 RS (PR)
                                                              ORDER DENYING PETITION

## VIII.   Revocation of Self-Representation Status

The trial court revoked petitioner's self-representation status during his motion to set aside the information pursuant to California Penal Code section 995.  (Ans., Ex. 1, Vol. 1 at 341.)  Petitioner claims this violated his right to self-representation.

"[A] trial judge may terminate self-representation by a defendant who deliberately engages in serious and obstructionist misconduct."  *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975).[5]  "The right of self-representation is not a license to abuse the dignity of the courtroom."  *Id.*

Petitioner's disruptive behavior gave the trial court reasonable cause to revoke petitioner's *pro se* status:

> Even a cursory review of the file would reflect a pattern by [petitioner] to personally demean the attorneys appointed to represent him, or any of the judges before whom he appears.
>
> When a judge rules contrary to his wishes, he has immediately sought to challenge the judge for cause, accuse a judge of perjury, racism, claim that the judge is in conspiracy with the prosecutor's office.  He has hurled or written in numerous documents filed with the court that denigrate any attorney appointed to represent him, with the possible exception of Ms. Fullerton, who is apparently appointed solely to represent [petitioner] in the 1368 proceedings. He has sought to disqualify Judge Hiramoto, Cram, Flinn, O'Malley, and yesterday sought to file an oral 170.1 [motion] against this judge based upon his displeasure with my ruling on [his] Penal Code 859 issue.
>
> In my presence he has displayed inability or unwillingness to follow my admonitions, to slow down his speech, to stay focused on the task at hand, and most importantly to not continue to argue a point that has been ruled upon. This court has observed that when [petitioner] is not satisfied with a ruling he expresses himself both verbally and physically in a manner that no judge would tolerate from an attorney.  My patience has been severely tested.

(Ans., Ex. 1, Vol. 1 at 328–29.)  Under such a principle and on such a record, the trial court's revocation of petitioner's self-representation status did not violate petitioner's rights, and petitioner is not entitled to relief under AEDPA.  Petitioner's claim is DENIED.

---

[5] Although *Faretta* speaks only to petitioner's right to represent himself at trial, if *Faretta* permits a trial judge to terminate self-representation at trial, it is reasonable to assume that he may permissibly terminate self-representation at a preliminary hearing.

## IX.    Recusal

Petitioner claims his defense counsel rendered ineffective assistance by failing to move to recuse the trial judge, Mary Ann O'Malley, on the grounds of bias.  Petitioner had moved earlier to recuse the judge's husband, another judge, and subsequently moved to recuse Mary Ann O'Malley on grounds that she would be biased against petitioner in consequence.  (*See* Ans., Ex. 1, Vol. 2 at 428–30.)  Mary Ann O'Malley filed a sworn response to petitioner's disqualification motion, averring that she harbored no bias or animosity toward petitioner.  (*Id.*, Ex. 3, Vol. 3 at 823–24.)

Petitioner's claim is without merit.  The record demonstrates petitioner's defense counsel was in fact willing to consider filing the recusal motion on petitioner's behalf, but at the time petitioner was uncooperative, refused to communicate with his attorney, and attempted to file the motion himself without giving defense counsel any advance notice to review the documents with petitioner.  (*Id.*, Ex. 1, Vol. 1 at 421–23.)  At the next proceeding, the trial court ordered that petitioner talk to his attorney first if he felt there was a motion that his attorney should raise.  (*Id.*, Ex. 1, Vol. 2 at 429.)  Instead of following the court's orders, however, petitioner again attempted to draft the recusal motion himself and moved to change counsel immediately thereafter.  (*Id.* at 429–31.)  Thus, defense counsel was never given an adequate opportunity to determine the merits of filing such a motion.  In any event, it would have been reasonable to assume that any such motion would be denied, as evidenced by Mary Ann O'Malley's sworn response.  It is both reasonable and not prejudicial for defense counsel to forgo a meritless objection.  *See Juan H. v. Allen*, 408 F.3d 1262, 1273 (9th Cir. 2005).  Accordingly, petitioner's claim is DENIED.

## X.    Defective Information

Just before the preliminary hearing, the trial court granted the prosecution's motion to amend the information to give the correct name of the victim listed in one of the charges. (Ans., Ex. 3, Vol. 1 at 17–21.)  Petitioner claims the trial court violated his rights by failing to re-arraign him on the amended information, thereby rendering his preliminary hearing and

the resulting information invalid.

It is clearly established federal law that a criminal defendant has a Sixth Amendment right to be informed of any charges against him, and that a charging document, such as an information, is the means by which such notice is provided. *Gautt v. Lewis*, 489 F.3d 993, 1004 (9th Cir. 2007) (citing *Cole v. Arkansas*, 333 U.S. 196, 201 (1948)). An information is not constitutionally defective if it states "the elements of an offense charged with sufficient clarity to apprise a defendant of what to defend against." *Miller v. Stagner*, 757 F.2d 988, 994 (9th Cir.) (quoting *Russell v. United States*, 369 U.S. 749, 763–64 (1962)), *as amended by* 768 F.2d 1090 (9th Cir. 1985).

Petitioner's claim is without merit. First, he has not shown he has a clearly established federal right to be re-arraigned on an amended information, especially when the information was amended to correct a typographical error. Second, the record shows, contrary to petitioner's assertion, the information complied with constitutional requirements by stating with sufficient clarity the nature and elements of the charges. Petitioner makes no allegation, much less a showing, that the information failed to give him fair notice of the charges. Accordingly, petitioner's claim is DENIED.

## XI.   Counsel at Preliminary Hearing

Petitioner claims he was denied his right to counsel at his preliminary hearing. Petitioner does not dispute that he waived his right to counsel and was properly granted the right to self-representation pursuant to *Faretta v. California*, 422 U.S. 806 (1975). Instead, petitioner claims the trial court should have re-informed him of his right to counsel after it granted, just before the preliminary hearing, the prosecution's motion to amend the information to reflect the correct name of the victim of one of the listed charges.

Petitioner's claim lacks merit. Once the right to the assistance of counsel has been competently waived, it does not follow that a new waiver must be obtained at every subsequent proceeding "unless intervening events substantially change the circumstances existing at the time of the initial [*Faretta*] colloquy." *United States v. Hantzis*, 625 F.3d 575,

580–81 (9th Cir. 2010.)  "The essential inquiry is whether circumstances have sufficiently changed since the date of the *Faretta* inquiry that the defendant can no longer be considered to have knowingly and intelligently waived the right to counsel."  *Id.* at 581.  The only change in circumstances that petitioner asserts is the trial court's grant of the prosecution's motion to amend the information.  As this Court stated above, the information was amended only to correct a typographical error, and in any event it properly stated the nature and elements of the charges in compliance with constitutional requirements.  The amended information would not have altered petitioner's understanding of the charges against him, and thus it does not constitute a change in circumstances sufficient to warrant a new *Faretta* inquiry.

Petitioner's further claim that the court erred in denying his request for reappointment of counsel is also without merit.  There is no clearly established Supreme Court precedent that a defendant who waived counsel and changes his mind has an absolute right to reappointment of counsel under the Sixth Amendment.  *See John-Charles v. California*, 646 F.3d 1243, 1249 (9th Cir. 2011).  Moreover, a state court's conclusion that counsel need not be reappointed is a reasonable application of the general standard set forth in *Faretta*.  *See id.* at 1249–51.  Because the state trial court found it was unwarranted to appoint counsel for a preliminary hearing when the proceeding was nearing its end (Ans., Ex. 3, Vol. 1 at 203–04), this Court's inquiry is at an end.  Accordingly, petitioner's claim is DENIED.

**XII.   False Evidence**

Petitioner claims the prosecutor presented false evidence that the front window of the Eguizabal house was broken.  As support, petitioner points to conflicting evidence from a police report written by Officer Virgil Thomas which noted "no sign of forced entry was found" and had as an attachment a supplement to the report with a box for "no force/key/unlocked" checked with an "X."

When a prosecutor obtains a conviction by the use of testimony which he knows or should know is perjured, such conviction must be set aside if there is any reasonable

likelihood that the testimony could have affected the judgment of the jury.  *United States v. Agurs*, 427 U.S. 97, 103 (1976).  To prevail on such a claim, a petitioner must show that "(1) the testimony (or evidence) was actually false, (2) the prosecution knew or should have known that the testimony was actually false, and (3) that the false testimony was material." *United States v. Zuno-Arce*, 339 F.3d 886, 889 (9th Cir. 2003).

Petitioner's claim fails for two reasons.  First, he has not shown that the evidence presented at trial was actually false.  At trial, Officer Thomas clarified what he wrote in his police report by explaining he meant he did not see any tool marks that would have suggested the use of force, not that no one entered the house through the window.  (Ans., Ex. 1, Vol. 3 at 740–42, 751–55.)  He also testified he recalled seeing a broken pane of glass from the window.  (*Id.* at 740.)  At best, the evidence supports an inference that Officer Thomas's testimony was inconsistent with his police report rather than false.  This is an insufficient showing.  Second, petitioner does not set out any factual basis for attributing any knowing presentation of perjury to the government.  The prosecution was not in a position to evaluate whether the report or the testimony was more accurate and properly left that determination for the jury.  Thus, there is no basis for petitioner's claim even if Officer Thomas lied.  Accordingly, petitioner's claim is DENIED.

## XIII.  Right to Speedy Trial

Petitioner claims his Sixth Amendment right to a speedy trial was violated because his preliminary hearing was not timely held under California law.  Petitioner's claim is facially insufficient.  Although a criminal defendant has a constitutional right to a speedy trial, *Klopfer v. North Carolina*, 386 U.S. 213, 223 (1967), there is no federal constitutional right to a preliminary hearing, *Ramirez v. Arizona*, 437 F.2d 119, 119 (9th Cir. 1971).  Because petitioner fails to allege a federal constitutional violation, this claim is DENIED.

## XIV.   Jury Poll

Petitioner claims his conviction for first degree burglary should be reduced to second degree burglary because the trial court did not poll the jury on the degree of the crime of which petitioner was convicted.  The right to poll the jury, though one of long-standing in federal and most state courts.  *see Virgin Islands v. Hercules*, 875 F.2d 414, 417 (3d Cir. 1989), is not, however, a binding constitutional right, *id.*  Thus, the state trial court was only bound by California Penal Code section 1163, which requires the court to poll the jurors individually at the request of either party.  The denial of a state-created procedural right such as this may present a cognizable due process claim on federal habeas corpus review if it resulted in a "deprivation of a substantive right protected by the Constitution." *Bonin v. Calderon*, 59 F.3d 815, 842 (9th Cir. 1995).  Petitioner does not present such a claim here because, as discussed above, the right to poll the jury is not one protected by the Constitution.  Because petitioner fails to allege a federal constitutional violation, this claim is DENIED.

## XV.   Ineffective Assistance of Trial and Appellate Counsel

Petitioner claims both trial and appellate counsel rendered ineffective assistance.  His full claim is as follows:

> <u>Supporting Facts</u>: The petitioner was entitled to an attorney who was reasonably familiar with applicable legal issues and rules of law involved in the particular case, the attorney has an obligation to adequately research the law involved, trial counsel and appeal counsel were not perpared [sic] in petitioner's Trial or Appeal.

Apart from a "constitutional error of the first magnitude" by the total absence of counsel at a critical stage of a trial or proceeding, a petitioner cannot be granted habeas corpus relief without pointing to specific errors made by counsel that undermined confidence in the outcome. *See United States v. Cronic*, 466 U.S. 648, 659 & n.26 (1984).  Petitioner's conclusory statement that his various counsel did not adequately research the applicable law is insufficient to state a claim for federal habeas relief.  Petitioner fails to specify, let alone

elaborate on, any evidence to support his claim, and the record provided by petitioner similarly is bare of any relevant evidence. Failure to identify such information is a failure to show that trial counsel's performance was deficient, or that the alleged deficiency resulted in prejudice, the necessary showing to sustain an ineffective assistance claim. *See Gallego v. McDaniel*, 124 F.3d 1065, 1077 (9th Cir. 1997). Accordingly, petitioner's claim is DENIED. To the extent petitioner is reiterating the previously denied claim that his trial counsel rendered ineffective assistance by failing to move to recuse the trial judge on bias grounds (Supp. Pet. at 11), it is also DENIED.

## XVI. Failure to Recuse

Petitioner claims the trial judge committed constitutional error when she ordered that petitioner's recusal motion made pursuant to California Code of Civil Procedure § 170.1 be stricken. Specifically, petitioner contends the judge should not have struck his motion as untimely.

Due Process guarantees a criminal defendant the right to a fair and impartial judge. *See In re Murchison*, 349 U.S. 133, 136 (1955). A federal habeas court reviews a state trial judge's refusal to recuse herself under the abuse of discretion standard used by federal appellate courts to review a district judge's refusal to recuse herself. *See Poland v. Stewart*, 117 F.3d 1094, 1103 (9th Cir. 1997). "An abuse of discretion is 'a plain error, discretion exercised to an end not justified by the evidence, a judgment that is clearly against the logic and effect of the facts as are found.'" *Id.* (quoting *International Jensen v. Metrosound USA, Inc.*, 4 F.3d 819, 822 (9th Cir. 1993) (quotation and citation omitted)).

Petitioner's claim is without merit. First, untimeliness was not the only grounds upon which the trial court relied to refuse to file his motion. Aside from grounds of untimeliness, the court also struck the motion because petitioner attempted to file it himself despite the court's finding that he was represented by counsel who had not filed the motion against the court. (Ans., Ex. 3, Vol. 3 at 823.) A review of the record confirms petitioner was represented by defense counsel, Anthony Ashe, and that petitioner attempted to file the

recusal motion without the help of his attorney.  (*See id.*, Ex. 1, Vol. 2 at 428–31, 461.)  As a party has no constitutional right to conduct his case while represented by counsel, *O'Reilly v. New York Times Co.*, 692 F.2d 863, 868 (2nd Cir. 1982) (citing *United States v. Mitchell*, 137 F.2d 1006, 1010 (2d Cir. 1943)), the court did not abuse its discretion in rejecting petitioner's motion on this ground.  Second, petitioner fails to show how the judge's conduct "rendered the trial so fundamentally unfair as to violate federal due process under the United States Constitution." *Duckett v. Godinez*, 67 F.3d 734, 740 (9th Cir. 1995), *cert. denied*, 517 U.S. 1158 (1996).  Here, the trial judge filed a sworn statement that she did not have any prejudice, bias, or animosity toward petitioner.  (Ans., Ex. 3, Vol. 3 at 823–24.)  Petitioner has not pointed to any evidence to rebut the trial judge's statement of impartiality, nor has he provided any other reason why the judge's failure to recuse herself rendered the trial fundamentally unfair.  Accordingly, petitioner's claim is DENIED.

## XVII. Upper-term Sentence

Petitioner claims the imposition of the aggravated, or upper, term sentence on the first degree burglary conviction violated his Sixth Amendment right to a jury trial under *Cunningham v. California*, 549 U.S. 270 (2007).  Petitioner claims only that the trial court should not have imposed the upper term of six years.  He does *not* challenge the trial court's use of Three Strikes to double the sentence or the imposition of the additional 17 years for the prior conviction and prison term enhancements.

The Sixth Amendment requires that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).  The Supreme Court later clarified "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*. . . . In other words, the relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional facts." *Blakely v.*

*Washington*, 542 U.S. 296, 303–04 (2004). This means "the middle term prescribed in California's statutes, not the upper term, is the relevant statutory maximum." *Cunningham*, 549 U.S. at 288. In *Cunningham*, the Supreme Court, citing *Apprendi* and *Blakely*, held California's Determinate Sentencing Law violates the Sixth Amendment right to a jury trial to the extent it "authorizes the judge, not the jury, to find the facts permitting an upper term sentence" beyond the middle term. *Id.* at 293.

The state appellate court rejected petitioner's claim as follows:

> [T]he right to jury trial and the requirement of proof beyond a reasonable doubt do not apply to the aggravating fact of a prior conviction. . . . The latter exception was recognized in *Almendarez-Torres v. United States* (1998) 523 U.S. 224, and has been construed broadly to apply to all factors based on a defendant's recidivism. (See *People v. Black* (2007) 41 Cal.4th 799, 818-819.) . . . .
>
> Here, one of the aggravating factors on which the trial court relied was within the *Almendarez-Torres* exception, i.e., that [petitioner's] prior convictions were numerous. The trial court's finding on that point is amply supported. The record in this case indicates [petitioner] had a nearly 30-year criminal history that included convictions for assault, burglary, and robbery. Indeed, the *jurors* in this case found [petitioner] had suffered five prior criminal convictions. By any measure, [petitioner's] prior convictions were numerous.

(Ans., Ex. 10 at 7–8.) There is no constitutional error. The exception to *Apprendi* and *Cunningham* — that a prior conviction need not be pleaded in an indictment or proved to a jury beyond a reasonable doubt — applies. *Butler v. Curry*, 528 F.3d 624, 643–44 (9th Cir. 2008) (citing *Apprendi*, 530 U.S. at 481, and *Almendarez-Torres v. United States*, 523 U.S. 224, 247 (1988)) ("[O]ur obligation to apply the *Almendarez-Torres* exception [remains] unless and until it is rejected by the Supreme Court."). Here, the trial court properly imposed the upper-term sentence based on petitioner's "long history" of criminal activity. (Ans., Ex. 1, Vol. 4 at 1013.) Indeed, the information alleged, and the jury found true, petitioner suffered five prior convictions. (*Id.*, Ex. 3, Vol. 1 at 214–15, Vol. 3 at 1033–34.) The state appellate court's conclusion that petitioner's prior convictions fell within the *Apprendi* and *Almendarez-Torres* exception was not an objectively unreasonable application of "clearly established federal law" within the meaning of 28 U.S.C. § 2254(d)(1).

1    The fact that the trial court also found other aggravating factors that should have been
2 found by a jury — including the vulnerability of the victims and the sophistication of the
3 offense committed — does not alter this conclusion. (*See id.*, Ex. 1, Vol. 4 at 1013.)
4 "[U]nder California law, only one aggravating factor is necessary to set the upper term as the
5 maximum sentence." *Butler*, 528 F.3d at 643. Thus, in California, "if at least one of the
6 aggravating factors on which the judge relied in sentencing [petitioner] was established in a
7 manner consistent with the Sixth Amendment, [petitioner's] sentence does not violate the
8 Constitution." *Id.* at 642–43. As it was within the trial court's discretion to sentence
9 petitioner to the upper term based solely on his prior convictions, petitioner's sentence is
10 constitutional irrespective of "[a]ny additional factfinding" with respect to additional
11 aggravating circumstances. *See* id. at 643. For the foregoing reasons, petitioner's claim is
12 DENIED.

13                                    **CONCLUSION**

14    The state court's adjudication of the claim did not result in a decision that was
15 contrary to, or involved an unreasonable application of, clearly established federal law, nor
16 did it result in a decision that was based on an unreasonable determination of the facts in
17 light of the evidence presented in the state court proceeding. Accordingly, the petition is
18 DENIED.

19    A certificate of appealability will not issue. Reasonable jurists would not "find the
20 district court's assessment of the constitutional claims debatable or wrong." *Slack v.*
21 *McDaniel*, 529 U.S. 473, 484 (2000). Petitioner may seek a certificate of appealability from
22 the Court of Appeals.

23    Petitioner's motion that the petition be considered in two parts (Docket No. 30) is
24 DENIED as unnecessary as his two filings were considered as a single petition. Petitioner's
25 motion for the appointment of counsel (Docket No. 29) is also DENIED. There is no right
26 to counsel in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir.
27 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel

28

to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation.  The decision to appoint counsel is within the discretion of the district court, *see Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), and should be granted only when exceptional circumstances are present.  *See* generally 1 J. Liebman & R. Hertz, Federal Habeas Corpus Practice and Procedure § 12.3b at 383–86 (2d ed. 1994).  Petitioner has not shown that there are exceptional circumstances warranting appointment of counsel.

This order terminates Docket Nos. 29 & 30.  The Clerk shall terminate the pending motions, enter judgment in favor of respondent, and close the file.

**IT IS SO ORDERED**.

DATED:  May 16, 2012

_____
RICHARD SEEBORG
United States District Judge

No. C 09-1634 RS (PR)
ORDER DENYING PETITION